IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MAGGIE LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | JURY DEMAND |
| NASHVILLE & DAVIDSON COUNTY, ) | |
| acting by and through THE ) | |
| NASHVILLE FIRE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Maggie Lawrence ("Ms. Lawrence" or "Plaintiff"), is a sixty-four-year-old African-American woman, who has been a dedicated employee of the Nashville Fire Department for over thirty years. In recognition of her outstanding efforts and consistent performance, her former boss, Al Thomas, was grooming her to succeed him as Fire Marshal. As Ms. Lawrence was preparing to become Nashville Fire Department's first female Fire Marshal, the Department's Chief took drastic measures to ensure that the "good ole boys club" stayed in place. He reassigned a significantly younger, less experienced male employee from another department to the Fire Marshal's Office, and instructed Ms. Lawrence and her boss to train him to take over.

When Mr. Thomas suggested Ms. Lawrence was a more qualified candidate for the promotion, he was fired. Ms. Lawrence, in turn, was ultimately passed over for the promotion. She now brings this action, by and through counsel, against Defendant, to assert her rights under the Age Discrimination in Employment Act of 1967, and Title VII of the Civil Rights Act of 1964. She alleges as follows:

## PARTIES

1. Plaintiff resides at 4805 Shasta Drive, Old Hickory, Tennessee 37138.

2. Plaintiff is currently sixty-four (64) years of age. At the time of the first alleged wrongful conduct by Defendant, Plaintiff was sixty-three (63) years of age.

3. Defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee, is a governmental entity operating a fire department (hereinafter the "Fire Department" or "Defendant") with its principal place of business located at 63 Hermitage Avenue, Nashville, Tennessee 37210.

4. Defendant is an employer with more than 15 employees within the meaning of 42 U.S.C. § 2000e(b).

5. Defendant is also an employer employing more than 20 persons within the meaning of 29 U.S.C. § 630(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.,* and 42 U.S.C. § 2000e, *et seq.,* and 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

7. Defendant is subject to the personal jurisdiction of this Court.

8. Venue is proper under 28 U.S.C. § 1391(b), because the alleged unlawful employment actions were committed in this judicial district.

9. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which agency was not able to resolve the controversy and which issued a letter to Plaintiff dated June 6, 2022, informing and advising her that it was unable to resolve the controversy as described to it and that it was not prepared to take further efforts therein.

10. Plaintiff has exhausted all of her administrative remedies, and as such, has timely filed this action in this Court.

FACTS

11. Plaintiff commenced employment with Defendant in 1992, as a Fire Inspector II.

12. From 2001 to 2003, Plaintiff worked for Defendant as a Fire Investigator.

13. From 2003 to 2016, Plaintiff worked for Defendant as an Assistant Fire Marshal.

14. Since 2016, Plaintiff has been working for Defendant as a Deputy Fire Marshal. In this role, she is responsible for training and supervising inspectors, safety educators, investigators, and more.

15. For nearly thirty (30) years, Plaintiff did not incur any negative write-ups or performance reviews.

16. During this time, she also earned two Associate degrees, a Bachelor's degree, and a Master's degree.

17. Additionally, she acquired various certifications from the National Association of Fire Investigators, Metro Nashville Police Department, and the National Fire Academy, to name a few.

18. She is an ordained minister, a volunteer disaster spiritual counselor for the American Red Cross, and a chaplain for both the fire department and police department.

19. Her performance review for the period of July 2019 through July 2020 rated her as "Exceptional" in nine out of eleven categories, and "Successful" in the other two.

20. Ms. Lawrence was further praised for her efforts in creating a report identifying trends of the most commonly-caused fires in the area, and using that information to create public safety programs to reduce the risk of fires.

21. Her supervisor described her as being "at the forefront for developing programs not only to monitor quality assurance but in researching lessons learned from other agencies for best practices."

22. Other praise heaped on her includes: "Maggie works tirelessly," and "The Fire Marshal's office is fortunate to have someone of Maggie's caliber when it comes to looking ahead, identifying needs of the employees, and working to improve their ability to become more efficient."

23. Her supervisor also emphasized: "*Maggie knows what it takes to lead the Fire Marshal's office and the fire department as a whole. She truly represents the department in a shining light throughout Nashville and the State.*"

### Ms. Lawrence Is Passed Over for a Promotion

24. On or about October 5, 2020, William Swann, the Director Chief of the Nashville Fire Department ("Chief Swann"), held a meeting to discuss his plan to reassign Fire Captain Lawrence Hutchison Jr. to the Fire Marshal's Office.

25. Mr. Hutchison was brought in from another department, and had never worked in a Fire Marshal's Office before.

26. He had only been an Administrative Captain for two years at the training academy, and had not supervised anyone on a consistent basis.

27. He was much younger than Ms. Lawrence, and had little to no experience in comparison to Ms. Lawrence.

28. Still, he was assigned to the Fire Marshal's Office on or about October 12, 2020.

29. Chief Swann instructed then-Fire Marshal Al Thomas to introduce Mr. Hutchison to the Fire Marshal Office staff, and allow Mr. Hutchison to shadow him for six (6) months.

30. Chief Swann planned for Mr. Hutchison to succeed Mr. Thomas as Fire Marshal.

31. Mr. Thomas instead told Chief Swann that Ms. Lawrence was "ideal for the position," not Mr. Hutchison.

32. Ms. Lawrence had given a copy of her resume to Chief Thomas, along with other candidates', for presentation to Chief Swann in determining who to promote to Fire Marshal.

33. After telling Chief Swann that Ms. Lawrence was the best candidate for Fire Marshal, Mr. Thomas was subsequently put on paid administrative leave and subject to an investigation.

34. He was later terminated for expressing dissatisfaction with Chief Swann's decision to advance Mr. Hutchison to the role of Fire Marshal, instead of Ms. Lawrence.

35. Chief Swann then named himself interim Fire Marshal, and put Ms. Lawrence in control of the department's daily operations.

36. She excelled at this task.

## Reports of Discrimination Reach the Mayor's Office

37. On November 23, 2020, a meeting was held with a number of executives in the Fire Department.

38. In attendance were: Ms. Lawrence, Deputy Director Tim Henderson, Deputy Director Jerry Tomlinson, Human Resources Executive Administrator Jamie Summers, and others.

39. The meeting was organized in response to communications from the Mayor's Office, which had received complaints about the Fire Department.

40. During the meeting, Deputy Henderson said he was "f**king tired of people going to the Mayor's Office and to their council person" to talk about what was going on in the Fire Department.

41. He also said he knew it was coming from "someone in the f**king [Fire Department]" and it had to stop now.

42. He promised to fire whoever was complaining as soon as he found out who it was.

43. Deputy Henderson also reminded everyone that Chief Swann can hire "whomever he f**king wants" to be the Fire Marshal.

44. When Ms. Lawrence asked what this was all about, Deputy Henderson snapped: "I just don't believe you don't know."

45. Chief Swan warned Ms. Lawrence: "If you go outside this department, start running that mouth, saying stuff that's negative for what reason to, whatever, air your dirty laundry, it's going to come back to me anyway."

46. The following week, Ms. Lawrence was asked to let Mr. Hutchison shadow her for five days, from November 30th through December 4th.

### The Promotion

47. On January 27, 2021, a meeting was held in Chief Swann's office.

48. During this meeting, Ms. Lawrence was informed that the promotion went to Mr. Hutchison, instead of her.

49. The promotion was never openly posted.

50. At the time, Mr. Hutchison was a white male under the age of 40.

51. He was less qualified than Ms. Lawrence for the promotion.

52. There has never been a female Fire Marshal.

### Chief Swann expresses his Concerns about Plaintiff's Age

53. Chief Swann told Ms. Lawrence in no uncertain terms that her age was the reason she did not get the promotion.

54. He explained to her, "It would be not smart of me, to put someone in that position – at that level – and they not going to be here but for a next few years."

55. He said he was looking for someone who could be on the job for the next four (4) to six (6) years, "long after I'm gone."

56. Ms. Lawrence had no intentions of retiring anytime soon.

57. To add insult to injury, Chief Swann further instructed Ms. Lawrence to, "Give [Mr. Hutchison] support… make sure that if anything he needs [*sic*] – or whatever he needs – you're here to support him."

58. She was essentially told to teach Mr. Hutchison his new job.

59. Chief Swann also issued several thinly-veiled threats to Ms. Lawrence.

60. He reminded her that former Fire Marshal Thomas had been terminated, and suggested to her that it was because he was not on board with the Chief's succession plan.

61. Chief Swann also reminded her that if she complained about the situation, he "would hear about it" and that was something she "didn't want."

62. Ms. Lawrence viewed these comments as threats that she would lose her job if she complained about any discriminatory conduct at work.

### The Fire Department Retaliates

63. After complaining about the promotion, Ms. Lawrence was written up for the first time in her 30-plus year career with the Fire Department.

64. She filed a Charge of Discrimination with the EEOC on September 13, 2021.

65. Less than one month after filing her Charge, on October 8, 2021, Fire Marshal Hutchison put Ms. Lawrence on a Performance Improvement Plan ("PIP").

66. The reasons for putting her on a PIP were pretext for illegal retaliation.

67. For example, Mr. Hutchison said she was put on the PIP because she did not assign a former employee's recall duties to anyone, even though she did.

68. Mr. Hutchison also explained that Ms. Lawrence approved overtime for employees that should not have been approved – *even though Mr. Hutchison himself approved the overtime when Ms. Lawrence originally asked.*

69. On October 6, 2021, Ms. Lawrence gave an interview to News4 Nashville about her allegations.

70. The reporter, Jeremy Finley, did a story on all the African-American women who have filed charges of discrimination against the Nashville Fire Department.

71. The story aired on live television on or about October 28, 2021.

72. The very next week, Ms. Lawrence was written up for recording the meeting in which Chief Swann threatened her with retaliation if she continued to complain or discuss the promotion.

73. She was suspended for five (5) business days, from December 1, 2021 through December 7, 2021.

74. She was also randomly drug and alcohol tested the day they handed down her suspension.

75. In at least the past twelve (12) years, Ms. Lawrence had never been randomly drug tested.

76. She passed both tests.

77. Mr. Hutchison continues to doubt and belittle her at work. For the most part, he avoids communicating with Ms. Lawrence at all, even though they work in the same department and he is now her boss.

78. In spite of Ms. Lawrence's attempts to explain to him that she respects him and her only issue is with the Fire Department, he told her: "I don't want anything on the news."

79. She filed a Supplemental Charge of Discrimination with the EEOC on January 27, 2022, after experiencing further retaliation for complaining about her discriminatory treatment.

80. On June 6, 2022, the EEOC granted Ms. Lawrence's request for a Notice of Right to Sue.

## COUNT I – SEX DISCRIMINATION
### Title VII of the Civil Rights Act of 1964 – 42 U.S.C. § 2000e, *et seq.*

81. Paragraphs 1 through 80 are incorporated herein by reference as though fully set forth.

82. Plaintiff is a female employee and a member of a protected class.

83. Plaintiff applied for and was qualified for the promotion to Fire Marshal.

84. Defendant refused to promote Plaintiff to Fire Marshal because of her sex.

85. Defendant promoted a male employee with less qualifications over Plaintiff.

86. When Plaintiff complained of how she was being treated, she was further threatened and written up.

87. Defendant is liable to Plaintiff for all economic damages she has suffered, including back pay and front pay, and attorneys' fees and costs incurred in bringing this action.

88. By the above facts, Defendant has violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff because of her sex in failing to promote her to Fire Marshal.

## COUNT II – AGE DISCRIMINATION
### Age Discrimination in Employment Act of 1967 – 29 U.S.C. § 621, *et seq.*

89. Paragraphs 1 through 80 are incorporated herein by reference as though fully set forth.

90. At all times material to this action, Plaintiff was over 40 years of age and a member of a protected class.

91. Plaintiff was not promoted to Fire Marshal because of her age.

92. Plaintiff was qualified for the position.

93. Instead, the position went to a younger, less qualified individual.

94. By the above facts, Defendant has violated the Age Discrimination in Employment Act of 1967 by discriminating against Plaintiff because of her age in failing to promote her to Fire Marshal.

## COUNT III – RETALIATION
### Title VII of the Civil Rights Act of 1964 – 42 U.S.C. § 2000e-3
### Age Discrimination in Employment Act of 1967– 29 U.S.C. § 623(d)

95. Paragraphs 1 through 80 are incorporated herein by reference as though fully set forth.

96. Plaintiff is a female employee and a member of a protected class.

97. Plaintiff is over the age of forty and a member of a protected class.

98. Plaintiff engaged in protected activity when she complained about age and sex discrimination, and filed a charge of discrimination with the EEOC.

99. Plaintiff was subjected to materially adverse actions after engaging in the protected activity.

100. Plaintiff was subjected to the adverse actions because of her protected activity.

101. By the above facts, Defendant has violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 by retaliating against Plaintiff for engaging in protected activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare the Defendant's conduct to be in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967;

B. Enjoin Defendant from engaging in such conduct and any further retaliation;

C. Compensatory and punitive damages for the injuries suffered as a result of Defendant's conduct;

D. Costs and attorney's fees pursuant to 29 U.S.C. § 216(b);

E. That a jury hear this case;

F. Any other relief this Court deems just and proper.


                                                  Respectfully submitted,

                                                  s/ Robert C. Bigelow
                                                  Robert C. Bigelow #022022
                                                  Bigelow Legal, PLLC
                                                  4235 Hillsboro Pike, Ste. 301
                                                  Nashville, TN 37215
                                                  rbigelow@bigelowlegal.com
                                                  (615) 829-8986

## CERTIFICATE OF SERVICE

      I certify that on September 2, 2022, a copy of this Complaint was uploaded to the Court's e-filing system and sent by first-class U.S. Mail to:

    Wallace Dietz
    Director of Law
    Metropolitan Government of Nashville, Department of Law
    PO Box 196300
    Metropolitan Courthouse, 1 Public Square, Suite 108
    Nashville, Tennessee 37219
    (615) 862-6341

    *Attorney for Defendant*

                                            <u>s/ Robert C. Bigelow</u>
                                            Robert C. Bigelow, Esq.

                                              *Attorney for Plaintiff*