# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| MAGGIE LAWRENCE, ) ) | |
| Plaintiff, ) ) | Case No. 3:22-cv-0680 |
| v. ) ) | Judge Campbell |
| METROPOLITAN GOVERNMENT OF ) NASHVILLE AND DAVIDSON ) COUNTY, TENNESSEE ) acting by and through THE ) NASHVILLE FIRE DEPARTMENT, ) ) Defendant. | |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS
[LR 56.01(b)]

1. Plaintiff was passed over for a promotion to the Fire Marshal position on or about October 5, 2020. (Compl., Doc. No. 1 at ¶¶ 24-36.)

RESPONSE:

2. October 2020 was when "Chief Swann planned for Mr. Hutchison to succeed Mr. Thomas as Fire Marshal." (Compl., at ¶ 30.)

RESPONSE:

3. October 2020 was also when Mr. Thomas complained on Plaintiff's behalf to Director Chief Swann about his decision, arguing that Plaintiff was "ideal for the position, not Mr. Hutchison." (Compl., at ¶ 31, 34 (internal quotation marks omitted).)

RESPONSE:

4. Under the previous Fire Marshal, Mr. Thomas, the Fire Marshal's division was consistently under-performing. (Swann Dep., Doc. No. 23-1 at 19-20.) This included Plaintiff's performance because she has served as Deputy Fire Marshal since 2016. (Compl., Doc. No. 1 at ¶ 14.)

RESPONSE:

5. In 2020, the Fire Marshal's division was failing to meet expectations, and that "it was time for [an] overhaul of that division." (Henderson Dep., Doc. No. 23-2 at 57:1-3.)

RESPONSE:

6. At that time, Mr. Thomas reported that he had no one in his division who could help him. (Summers Dep., Doc. No. 23-3 at 53:17-19; Swann Dep., Doc. No. 23-1 at 20.)

RESPONSE:

7. Mr. Thomas also reported that he found it difficult to find tasks which Plaintiff could competently complete (Henderson Dep., Doc. No. 23-2 at 27:20-22), and that he did not have any confidence in Plaintiff (Swann Dep., Doc. No. 23-1 at 20:11-12).

RESPONSE:

8. At least as far back as August 2018, Mr. Thomas noted that Plaintiff needed to make more of an effort to review data from the State Fire Marshal and to report updates to the Fire Marshal. (Pl's 2018 Perf. Eval., Doc. No. 23-4, Page ID# 284, bates no. 271, *noting*, "For Fire Safety Education, there needs to be *more effort* in reviewing data supplied by the State Fire Marshal…."; *also noting*, "[F]ire safety education *needs more work*…"; and bates MG000272, *noting*, "[Deputy Fire Marshal] Lawrence *needs to show more initiative* in the area of fire safety…" (emphasis added).)

RESPONSE:

9.  In 2019, Plaintiff's performance had not improved, and Mr. Thomas again noted that "the next performance period will require an increased effort" in this area. (Pl's 2019 Perf. Eval., Doc. No. 23-5, bates no. 303.)

RESPONSE:

10. At that time, Mr. Thomas explained to Chief Henderson that Plaintiff exhibited a complete lack of ability to assemble these reports. (Henderson Dep., Doc. No. 23-2 at 14:2-3.)

RESPONSE:

11. In conjunction with Plaintiff's July 2019 evaluation, Mr. Thomas placed Plaintiff on a performance plan. (Pl's 2019 Perf. Eval., Doc. No. 23-5, bates no. 303, "The next performance period will require an *increased effort* in this area. There is a *performance plan that sets goals* for conducting a community risk assessment for Nashville and preparing a Community Risk Reduction Plan." (emphasis added). (2019 Perf. Plan, Doc. No. 23-6, Page ID# 291, *found at* Summers Dep., Ex. 3.)

12. Besides showing an inability to gather data and create reports, Plaintiff also exhibited an inability to effectively lead and manage her staff. (Henderson Dep., Doc. No. 23-2 at 57:20-24; Summers Dep., Doc. No. 23-3 at 51:14.)

RESPONSE:

13. Ultimately, when the Fire Department management was looking for a successor for Fire Marshal Thomas, Chief Henderson recognized that "it was time for a change of direction within that division for a cleaner outlook on the day-to-day operations." (Henderson Dep., Doc. No. 23-2 at 56:24-57:1.)

RESPONSE:

14. Plaintiff's performance made it clear that she was simply not capable of taking on such an important role. (Henderson Dep., Doc. No. 23-2 at 57:15-24.)

RESPONSE:

15. In 2020, Mr. Hutchison had already exhibited exceptional leadership abilities during his time at the Fire Training Academy. (Henderson Dep., Doc. No. 23-2 at 9:23-25.)

RESPONSE:

16. Mr. Hutchison had also demonstrated an ability to develop and implement successful programs at the academy. (Henderson Dep., Doc. No. 23-2 at 9:25-10:1.)

RESPONSE:

17. His successful performance was known to both Deputy Chief Henderson and Chief Swann. (Henderson Dep., Doc. No. 23-2 at 10-11; Swann Dep., Doc. No. 23-1 at 21.)

RESPONSE:

18. In October 2020, Chief Swann made the decision to appoint Mr. Hutchison to the Fire Marshal position upon Mr. Thomas's eventual departure. (Compl., Doc. No. 1 at ¶¶ 24-36.)

RESPONSE:

19. Plaintiff's multiple claims of discrimination are *not* "alternative" arguments. She does not plead "in the alternative." (*See generally* Compl., Doc. No. 1.) Instead, Plaintiff has alleged that there were multiple discriminatory motivations for the same employment decision, her gender and her age. (Pl.'s Dep., Doc. No. 23-7 at 76:1-5; "Q. So specifically about the decision not to promote you, it's your claim that there were two motivations there. First was sex discrimination, and the next was also age discrimination. Is that right? A. Yes.")

RESPONSE:

20. The write-up that Plaintiff complains of as being retaliation occurred in March 2021, several months *after* the decision was made not to select her as Fire Marshal (in October 2020). (Summers Decl., Doc. No. 23-8, ¶ 10.)

RESPONSE:

21. The October 2021 performance plan did not have any impact on her wages or her professional advancement. Indeed, the October 2021 performance plan was put into place a year *after* Chief Swann decided not to select Plaintiff as Fire Marshal (Compl., Doc. No. 1 at ¶ 65), and she cannot otherwise show that it had any effect upon her pay or her career.

RESPONSE:

22. The drug and alcohol testing that Plaintiff complains of was a *random* drug test. (Compl., Doc. No. 1 at ¶ 74.)

RESPONSE:

23. Plaintiff's March 2021 write-up came about because of Plaintiff's multiple issues of not properly or timely entering her employees' time in Telestaff (the time and attendance system). This resulted in delays in overtime payments to her staff and required the HR and payroll staff to investigate her errors and make all necessary corrections and changes to the payroll data. (Summers Decl., Doc. No. 23-8, ¶¶ 10-11.)

RESPONSE:

24. Plaintiff's October 2021 performance plan came about because of Plaintiff's continued inability to prepare a Community Risk Reduction plan to submit to the State (discussed above related to her previous performance plan); continued problems in entering her staff's time and duties correctly in Telestaff; and performance issues related to managing her staff's property inspections. (Hutchison Dep., Doc. No. 23-9 at 27-28; Oct. 2021 Perf. Plan at Doc. No. 23-10.)

RESPONSE:

25. All Metro drug testing (including at the Fire Department) is administered by an independent third party. Metro's managers have no ability to influence the random selection of employees for testing. (Summers Decl., Doc. No. 23-8, ¶ 12.)

RESPONSE:

26. Plaintiff admits in this lawsuit that she received her 5-day suspension because she violated departmental policy. (Pl.'s Dep., Ex. 2 Amended EEOC Charge ("After being written up, I admitted to the violation of recording a meeting without permission of the other participants. I wrote a letter stating as much and that I did not want to waste departmental resources by convening a hearing panel to review the violation - I would just accept the punishment that they saw fit to deliver.").

RESPONSE:

                                          Respectfully submitted,

                                          */s/ J. Brooks Fox*
                                          J. Brooks Fox, # 16096
                                          Benjamin A. Puckett, # 40042
                                          Metropolitan Courthouse, Suite 108
                                          Post Office Box 196300
                                          Nashville, Tennessee 37219
                                          615.862.6375

## Certificate of Service

This is to certify that a copy of the foregoing has been made upon Filing Users through the Electronic Filing System to: Robert Bigelow, 4235 Hillsboro Pike, Ste 301, Nashville, TN 37215 on August 30, 2023.

*/s/ J. Brooks Fox*
J. Brooks Fox